UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>    Plaintiff,<br>v.<br>AT&T MOBILITY LLC,<br>    Defendant. | Case No. 3:13-CV-2318-CAB-KSC<br><br>**ORDER RE MOTIONS TO FILE UNDER SEAL**<br><br>[Doc. No. 177] |
| SPH AMERICA, LLC,<br><br>    Plaintiff,<br>v.<br>AT&T MOBILITY LLC,<br>    Defendant. | Case No. 3:13-CV-2319-CAB-KSC<br><br>[Doc. No. 97] |
| SPH AMERICA, LLC,<br><br>    Plaintiff,<br>v.<br>HUAWEI TECHNOLOGIES, CO., LTD. et al.,<br>    Defendants, | Case No. 3:13-CV-2323-CAB-KSC<br><br>[Doc. Nos. 307, 311] |

| | |
|---|---|
| SPH AMERICA, LLC, | Case No. 3:13-CV-2324-CAB-KSC |
| Plaintiff, | |
| v. | [Doc. No. 166] |
| HUAWEI TECHNOLOGIES, CO., LTD. et al., | |
| Defendant. | |
| SPH AMERICA, LLC, | Case No. 3:13-CV-2325-CAB-KSC |
| Plaintiff, | |
| v. | [Doc. No. 170] |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | |
| Defendant. | |

The parties in the above-captioned cases have filed numerous motions to file under seal in connection with the defendants' motions for attorney's fees. All of the documents and information in question are items that SPH designated as confidential pursuant to the protective orders entered in these cases. On May 16, 2017, the Court denied SPH's motion to file documents under seal in connection with its opposition in Case No. 13-cv-2323 (the "Huawei Case"). Pursuant to that order, SPH has filed a renewed motion to file documents under seal [Doc. No. 311 in Case No. 13-cv-2323]. Meanwhile, in the four other cases referenced above, SPH has filed motions to file under seal unredacted versions of its memoranda in opposition to the defendants' motions for attorneys' fees. [*See* docket numbers in captions above.] Finally, Huawei recently filed a motion to file documents under seal because SPH had designated the documents as confidential, but not taking any position as to whether SPH's designation was proper. [Doc. No. 307 in Case No. 13-cv-2323.]

The documents that SPH wants filed under seal fall primarily into two categories: (1) documents related SPH's licensing and settlement agreements with licensees and the discussion leading to these agreements; and (2) documents related to SPH's relationship with ETRI. As for the first category, SPH has demonstrated good cause to file under seal documents constituting and relating to its license/settlement agreements with third party licensees.

As for the second category, SPH claims that good cause exists to seal the documents because disclosure of such information would cause "competitive harm" to SPH and "reveal confidential business information about how SPH, a privately-held company, manages its affairs and who has ultimate authority to make certain business decisions." [Doc. No. 311 at 3 in Case No. 13cv2323.] Because it is unexplained whether or how SPH actually competes in the marketplace, it is unclear how it could suffer "competitive harm." Further, SPH filed these lawsuits presumably under the premise of exclusive license rights it believes it possesses from ETRI. The details of SPH's relationship with ETRI are fundamental to its standing to bring this case and only harm SPH to the extent that, as the Court ultimately found when it dismissed the case for lack of standing, SPH is not in fact an exclusive licensee and therefore lacks standing to sue for patent infringement. Moreover, many of the terms of the license agreement are discussed in the Court's dismissal order in the Huawei case [Doc. No. 287 in Case No. 13-cv-2323], which is not sealed and part of the public record. Accordingly, SPH has not demonstrated good cause to seal documents related to its relationship with ETRI.

Based on the foregoing, it is hereby **ORDERED** that the Huawei's motions to file under seal [Doc. No. 307 in Case No. 13-cv-2323] is **GRANTED**, SPH's motions to file under seal its opposition to the defendants' motions for attorneys' fees in each of the above cases aside from the Huawei case are **GRANTED IN PART** and **DENIED IN PART**, and SPH's motion to file under seal in the Huawei Case [Doc. No. 311 in Case No. 13-cv-2323] is **GRANTED IN PART** and **DENIED IN PART**. It is further **ORDERED** as follows:

1. The Clerk of Court shall file under seal the documents currently seal-lodged by

SPH in connection with the motions to file under seal that it filed in each of these cases (*except* for the Huawei Case) on May 16, 2017;

2. The Clerk of Court shall file under seal the documents currently lodged at Docket Nos. 312-1, 312-2, 312-4 through 312-20, and 312-27 in the Huawei Case;

3. To the extent SPH intends to rely on any information from the remaining documents filed as attachments at Docket No. 312 in the Huawei case, it must file those documents publicly. In doing so, SPH is permitted to redact information from such documents that SPH believes is confidential and on which it is not relying in connection with its opposition to Huawei's motion;[1]

4. To the extent that SPH's publicly filed opposition brief in any of the above-captioned cases contains redactions based on references to documents or information that the Court has not permitted to be filed under seal pursuant to this order (namely, information related to SPH's relationship with ETRI), SPH should re-file their briefs without such redactions if it wants the Court to consider such arguments or information when ruling on the attorneys' fee motion.

It is **SO ORDERED**.

Dated: May 30, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] For example, SPH argues that information concerning the identity SPH's investors and the terms of their investments is irrelevant. Based on that assertion, the Court assumes that SPH is not relying on such information in connection with its opposition brief. Therefore, to the extent a document contains this investor information as well as separate information on which SPH relies, SPH may publicly file a version of the document with the information about its investors redacted.

4